UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MARTIN HENDERSON, | No. 2:17-cv-2121 DB P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. (ECF No. 9). Plaintiff also requests that the court appoint medical and mental health experts to his case. (Id. at 2).

In support of plaintiff's request for the appointment of counsel, he contends that his case "will require extensive documentary discovery, depositions, legal research and expert testimony in areas of mental health and standard medical care practices." (Id. at 1). He further asserts that the case "deals with complicated issues . . . . and many other matters [that] are all way beyond [his] understanding." (Id. at 1-2 (brackets added)). Plaintiff makes his request for the appointment of medical and mental health experts "[f]or some of the same reasons" and additionally asserts that their appointment is necessary in order to "determin[e] the state of mind of staff members, their supervisors, and the defendants who they worked for." (Id. at 2 (brackets added)). Plaintiff further contends that such experts could "review [his] healthcare records[] and report to the court their opinions on various matters in the case as it proceeds." (Id. (brackets added)).

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

With respect to plaintiff's request that medical and mental health experts be appointed to his case, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989). Furthermore, the in forma pauperis statute does not authorize the expenditure of public funds for medical and mental health experts. See 28 U.S.C. § 1915; Hannah v. United States, 523 F.3d 597, 601 (9th Cir. 2008).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to appoint counsel and mental and medical health experts (ECF No. 9) is DENIED without prejudice.

Dated: March 2, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hend2121.31