1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM MARTIN HENDERSON,              No.  2:17-cv-02121 DB P

12              Plaintiff,

13        v.                               ORDER

14   UNKNOWN, [1]

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On January 5, 2018, plaintiff filed a motion for preliminary injunction and motion for

21   temporary restraining order ("TRO").  (ECF No. 11).  In the motion, plaintiff makes a series of

22   requests related to his housing and his feeding options as well as requests related to his access to

23   vendor packages, personal property, storage space, appliances and the like.  (Id.)  He asks that

24   "CDCR or DSH or ASH" immediately arrange for his requests to be granted.  (See id. at 1).

25   ////

26   _____

27   [1] In the initial pleading filed in this case on October 12, 2017, plaintiff failed to identify a party
     defendant.  (See ECF No. 1 at 1).  In light of the fact that plaintiff's first amended complaint now
     identifies "John Doe #1 CDCR Director" and "others" as defendants (see ECF No. 8 at 1), the
28   Clerk of Court will be directed to correct the case caption of the docket accordingly.

                                          1

Throughout the pleading, however, plaintiff provides no emergent reason why he should be provided with the items and services requested. (See generally ECF No. 11).

At this time, plaintiff's motion is premature. The court has not obtained personal jurisdiction over any of the defendants since they have not yet been served with process in this action. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Moreover, even if jurisdiction over defendants had attached, plaintiff's motion fails to clearly show that immediate and irreparable injury, loss or damage would result to him prior to defendants being heard in opposition. See Fed. R. Civ. P. 65(b)(1)(A); see also Local Rule 231(a) (stating TRO shall not be granted in the absence of actual notice to the affected party or counsel except in the most extraordinary of circumstances).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 11) is DENIED without prejudice, and

2. The Clerk of Court is directed to correct the names of the defendants in the case caption of the docket to reflect the names of defendants listed in plaintiff's first amended complaint (see ECF No. 8).

Dated: March 2, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hend2121.48a