UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MARTIN HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CDCR DIRECTOR, et al.,<br><br>Defendants. | No. 2:17-cv-2121 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 7, 2018, plaintiff filed a second motion for a preliminary injunction and temporary restraining order. (ECF No. 21). On May 11, 2018, plaintiff filed a third motion for a preliminary injunction and temporary restraining order. (ECF No. 22). On June 15, 2018, plaintiff filed a second motion to appoint counsel. (ECF No. 24). For the reasons stated herein, the court will deny all three motions.

**I.      PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER MOTIONS**

Plaintiff's requests for temporary restraining orders are insufficient under Local Rule 231(c). Therefore, the requests will be construed as motions for preliminary injunctions.

1

### A. Preliminary Injunction Motion Filed May 7, 2018

Plaintiff's second motion for a preliminary injunction and a temporary restraining order, filed May 7, 2018, is eighty-four pages in length. (See ECF No. 21). In it, plaintiff asks that the California Department of Corrections and Rehabilitation ("CDCR") director, a named defendant, be ordered to arrange for him to be "single celled in a truly protective custody type housing in a non-disciplinary setting where inmates have no physical access to [him]" and that this be done as soon as possible. (See ECF No. 21 at 2) (brackets added). Plaintiff also asks that the CDCR director arrange for him to be housed at a facility where he has never been housed before that is within this court's jurisdiction and that is as close to Sacramento as possible. (See ECF No. 21 at 2).

In support of these assertions, plaintiff provides examples over the years regarding his abuse at the hands of other inmates and prison personnel. (See ECF No. 21 at 3-13). He contends that a grant of these motions is appropriate because it will be proven at trial that defendants have violated his rights and that they will continue to do so if the motions are not granted on an emergency basis. (See ECF No. 21 at 2).

### B. Preliminary Injunction Motion Filed May 11, 2018

Plaintiff's third motion for a preliminary injunction and a temporary restraining order, filed May 11, 2018, is thirty-five pages in length. (See ECF No. 22). In it, plaintiff asks that federal agents or some state agency other than CDCR or DSH be permitted to take over his custody so that he can be placed into a witness protection program. (See ECF No. 22 at 8). In addition, he requests that he be placed in a non-disciplinary single cell. He also requests that he be granted compassionate release. (See ECF No. 22 at 8). In support of these requests, plaintiff claims, amongst other things, that a classification change indicates that defendants "plan to continue to place [his] life and safety in present danger." (See ECF No. 22 at 8-9) (brackets added).

### C. Discussion

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the

possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Neither of plaintiff's preliminary injunction and temporary restraining order motions meet the standards necessary for a grant of them. Specifically, neither of them show either a likelihood of success on the merits and the possibility of irreparable injury. (See generally ECF Nos. 21, 22). Nor does either raise serious questions and show that the balance of hardships plaintiff is experiencing sharply tip in his favor. (See generally ECF Nos. 21, 22). Instead, both are narrative in nature: sometimes detailing plaintiff's health history and how he is feeling, and sometimes detailing assaults plaintiff has experienced and his personal belief that different housing is necessary because he may be harmed again. (See generally ECF Nos. 21, 22). Additionally, plaintiff fails to identify particular defendants or particular upcoming events that could lead to irreparable injury to him. For these reasons, both of these motions will be denied.

## II. MOTION TO APPOINT COUNSEL

Plaintiff's second motion for the appointment of counsel, filed June 15, 2018, is actually a copy of a two-page letter it appears he has sent to local attorneys in order to try to obtain legal representation. (See ECF No. 24). Plaintiff states in part that he needs representation because: (1) defendants employed at the prison have been retaliating against him because they know he has a case; (2) he has been denied access to the law library and the courts by prison staff, and (3) he

3

needs to obtain a court order so that he can be housed safely given that he is on at least five prison gang hit lists. (See ECF No 24 at 1-2).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

A review of plaintiff's preliminary injunction motions as well as of the instant motion to appoint counsel indicates that thus far, plaintiff has been able to articulate his claims in a somewhat clear manner. (See generally ECF Nos. 21, 22, 24). In addition, the fact that plaintiff has had limited access to the prison law library is not persuasive. Furthermore, to date, plaintiff's access to the courts does not appear to have been hampered much given that he has been able to file multiple, duplicate motions in this court without apparent incident. (See generally ECF Nos. 1, 3, 6, 8, 9, 10, 11, 12, 17, 18, 19, 21, 22, 23, 24) (documents filed by plaintiff in this action). For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction and a temporary restraining order, filed May 7, 2018 (ECF No. 21), is DENIED;

2. Plaintiff's motion for a preliminary injunction and a temporary restraining order, filed May 11, 2018 (ECF No. 22), is DENIED, and

////

3. Plaintiff's motion to appoint counsel, filed June 15, 2018 (ECF No. 24), is DENIED.

Dated: March 5, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hend2121.48(3).mtac(2)

5